UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rickey Royal, *Plaintiff*, v. Anthony Hamiti, *Defendant*. | No. 21 CV 4770<br><br>Judge Lindsay C. Jenkins |

**MEMORANDUM OPINION AND ORDER**

Rickey Royal sued Anthony Hamiti, an employee of the Cook County Department of Corrections ("CCDOC") pursuant to 42 U.S.C. § 1983 for racial discrimination in violation of the Fourteenth Amendment. Because Royal was incarcerated when he filed suit, he needed to comply with the Prison Litigation Reform Act ("PLRA"), which demands prisoners exhaust their administrative remedies prior to suing in federal court. 42 U.S.C. § 1997e(a). Hamiti moved for summary judgment arguing Royal did not abide by this requirement. The Court agrees, and grants Hamiti's motion.

**I.    Background**

"On summary judgment, the Court limits its analysis of the facts to the evidence that is presented in the parties' Local Rule 56.1 statements." *Kirsch v. Brightstar Corp.*, 78 F. Supp. 3d 676, 697 (N.D. Ill. 2015). The statements serve a valuable purpose: they help the Court in "organizing the evidence and identifying disputed facts." *Fed. Trade Comm'n v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005). "To dispute an asserted fact, a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." L.R. 56.1(e)(3). Any party, including a pro se litigant, who fails to comply with Local Rule 56.1 does so at their own peril. *Wilson v. Kautex, Inc.*, 371 F. App'x. 663, 664 (7th Cir. 2010). Here, the parties have substantially complied with Local Rule 56.1. [Dkts. 88, 89, 97, 98, 99.][1][2] The Court views the facts and draw all reasonable inferences in favor of Royal,

---

[1]    Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

[2]    Royal filed an additional brief, [Dkt. 99], after Hamiti filed his reply brief, [Dkt. 98.] Although pro se litigants must abide by Local Rule 56.1 and this Court's briefing schedule as much as any other litigant, the error here is harmless because Royal's extra response does not assert any new argument or cite any evidence that changes this Court's decision.

the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *WEC 98C-3 LLC v. SFA Holdings Inc.*, 99 F.4th 961, 969 (7th Cir. 2024).

Royal was in custody at the CCDOC from September 28, 2014 until after he filed this lawsuit on September 8, 2021. [Dkt. 89, ¶ 7.] The CCDOC maintains an Individual-in-Custody ("IIC") Grievance Procedure, which informs inmates as to how to exhaust their administrative remedies. Inmates are advised to complete a grievance form if they believe they have been injured, harassed, abused, or threatened. [*Id.* at ¶ 3.] The Grievance Procedure instructs inmates that they must file their grievances within 15 days of an incident, and then appeal any adverse ruling within 15 days. [*Id.* at ¶¶ 1, 4.] The IIC Services Department retains copies of the completed and processed grievance forms and responses. [*Id.* at ¶ 5.]

During his time in custody, Royal was primarily housed in Division 9 of the CCDOC and worked as a "tier worker," cleaning his assigned tier and distributing food during mealtimes. [*Id.* at ¶¶ 9–10.] Tier workers are not compensated. [*Id.* at ¶ 11.] The CCDOC also employs detainees as sanitation workers who, as opposed to tier workers, perform their duties throughout the CCDOC and are compensated. [*Id.* at ¶¶ 12–14.] Royal was never employed as a sanitation worker. [*Id.* at ¶ 14.]

Royal was well-aware of CCDOC's Grievance Procedure, having filed 38 grievances prior to filing this lawsuit. [Dkt. 89-1 at 7–13.] As relevant to this case, he filed a grievance on January 28, 2021 complaining that he was not paid or eligible for good time credit, whereas some other Division 9 workers were. [Dkt. 89–1 at 93–94.] His appeal was denied in March 2021. [*Id.* at 95–96.] Royal then filed this § 1983 claim on September 8, 2021 alleging that he, an African American, was subjected to racial discrimination because he was not paid as a tier worker when "Mexican detainees" who performed similar work as sanitation workers were paid. [Dkt. 89, ¶ 16.] On September 27, 2022, he filed another pay disparity grievance similar to his January 2021 complaint but alleging that he was subjected to racial discrimination when detainees of another race were paid as "building workers." [*Id.* at ¶ 18–19.]

Hamiti now moves for summary judgment arguing that Royal failed to exhaust his administrative remedies because he did not file a grievance claiming racial discrimination until after he filed this lawsuit. [Dkt. 88.]

## II. Analysis

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of proving the absence of such a dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All facts and reasonable inferences are construed in the light

most favorable to the nonmoving party. *Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 341 (7th Cir. 2016).

The PLRA requires inmates to exhaust their administrative remedies before initiating a federal civil rights lawsuit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022) ("a suit filed before the prisoner has exhausted these remedies must be dismissed") (cleaned up). Accordingly, if a correctional facility has an internal administrative grievance system through which an inmate can seek to correct a problem, the inmate must utilize that system before filing a claim in federal court. *See Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020). The burden of proof is on the defendant to demonstrate the prisoner failed to exhaust his administrative remedies. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

The primary purpose of the grievance system is to put prison officials on notice of an issue so that it can potentially be resolved prior to a lawsuit. *Jackson v. Esser*, 105 F.4th 948, 958–59 (7th Cir. 2024); *see also Rodriguez v. Judkins*, 2020 WL 6273480, at *5 (N.D. Ill. Oct. 26, 2020) ("When a prisoner does not name the parties involved or describe the conduct about which he is complaining, this prevents the prison from addressing complaints prior to suit, which is one of the benefits of exhaustion."). To satisfy exhaustion, a grievance need not necessarily name a prison official by name. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) ("that Maddox didn't specifically name the defendants in the grievance was a mere technical defect that had no effect on the process and didn't limit the usefulness of the exhaustion requirement.")

Hamiti argues that Royal did not exhaust his administrative remedies according to CCDOC procedures because his grievance failed to put CCDOC on notice of the racial discrimination claim underpinning this lawsuit. [Dkt. 89 at 4–5.] He points out that even though Royal's January 2021 grievance stated that some Division 9 detainees performing sanitation-related duties were compensated and he wasn't, he did not allege *racial discrimination*. [Dkt. 98 at 3–5.][3] Hamiti argues Royal's first grievance alleging racial discrimination was not submitted until September 2022, over a year after he initiated this action.

The Court agrees. To satisfy the PLRA's exhaustion requirement, a grievance must raise the same claim as the corresponding lawsuit to ensure that "a prison has received notice of, and an opportunity to correct, a problem before being drawn into

---

[3] Royal's additional brief also cites a March 12, 2021 grievance but it too lacks any mention of racial discrimination. [Dkt. 99 at 4; Dkt. 89-1 at 97 (grieving restriction surrounding contact visits during Covid and the jail's vaccine requirements.)]

litigation." *Jackson*, 105 F.4th at 958–59 (internal quotation omitted). To provide adequate notice, a grievance must describe "the nature of the wrong for which redress is sought." *Id.* at 959 (quoting *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020)). Although Royal clams his January 2021 grievance alleged racial discrimination, [Dkt. 97 at 3], it clearly did not. Royal's grievance states he spoke with a sanitation program officer about "the weekly work pay and the approval of work [for] good time credits," and the officer informed Royal that tier work "is a privilege only and there's [no] pay or eligibility for the good time credits." [Dkt. 89-1 at 93.] The grievance discusses the impact of Covid-19 on the jail, and concludes with Royal's statement that he "should be compensated a weekly salary and a recommendation of work program good time credits which is available to others who are a part of this Division 9 sanitation protocol." [*Id.* at 94.] Nothing about this grievance put CCDOC on notice of a racial discrimination claim—the only claim at issue in this case.

Royal briefly argues that exhaustion doesn't require a plaintiff to complete grievance procedures if they are unavailable and the plaintiff made a good faith effort to comply. [Dkt. 97 at 3.] This is true as a legal matter. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). But even generously construing Royal's argument, it fails because Royal did not claim that CCDOC's grievance process was unavailable to him. To the contrary, he'd used it dozens of times before filing this lawsuit and many times thereafter. Nothing prevented Royal from filing a racial discrimination grievance before initiating this case that excuses his failure to exhaust.

On the facts presented, no reasonable jury could conclude Royal notified CCDOC of racial discrimination before he filed this lawsuit, or that CCDOC's grievance procedures were unavailable to him. Because he did not exhaust his remedies, Hamiti is entitled to summary judgment. *See id.*

### III. Conclusion

For the reasons stated above, the Court grants Defendant's motion for summary judgment and dismisses the case without prejudice for failure to exhaust.

Enter: 21-cv-4770
Date: October 31, 2024

_____
Lindsay C. Jenkins
United States District Judge

4